THE S. C. & ST. P. R. Co. v. THE COUNTY OF OSCEOLA.

50  177
83  171
83  180
50  177
o117 600

1. **Public Lands**: RAILROAD GRANT: TAXATION. Chapter 34, Laws of 1874, authorizing the certification to the Sioux City & St. Paul Railroad Company of the lands held by the State in trust for that company, did not have the effect to pass the title until after the lands had been certified by the Governor, and they were not, therefore, taxable to the company until after such action by the executive.

*Appeal from Osceola District Court.*

WEDNESDAY, DECEMBER 11.

THIS is an equitable action to restrain the collection of taxes for the year 1875 upon lands of the plaintiff.

There was a decree in the court below declaring said taxes illegal and void. Defendant appeals.

*Chase & Taylor*, for appellant.

*J. H. Swan*, for appellee.

ROTHROCK, CH. J.—I.   The lands upon which the taxes in controversy were levied were acquired by the plaintiff under

1. PUBLIC
lands: rail-
road grant:
taxation.

certain acts of Congress and the Legislature of this State, being grants or donations of land to aid in the construction of a railroad.   It is unnecessary to refer at length to the provisions of the act of Congress approved May 12, 1864, and to the acts of the Legislature of this State, in reference to said grant, prior to the act of March 13, 1874.   In the case of *The S. C. & St. P. R. Co. v. The County of Osceola*, 43 Iowa, 318, in which it was held that these lands were not taxable for the year 1873, the effect and force of these various acts are fully discussed and determined.

The act of March 13, 1874, chapter 34 of Local Laws, is as follows :

"Section 1.   *Be it enacted, etc.*, that the Governor of the State of Iowa be and is hereby authorized and directed to certify to the Sioux City & St. Paul Railroad Company any and all lands which are now held by the State of Iowa in trust for the benefit of said railroad company, in accordance with the provisions of section 2, of chapter 144, of the Acts of the Eleventh General Assembly."

Section 2, of chapter 144, of the Acts of the Eleventh General Assembly provided that "whenever any lands shall be patented to the State of Iowa, in accordance with the provisions of said act of Congress (act of May 12, 1864), said lands shall be held by the State in trust for the benefit of the railroad company entitled to the same by virtue of said act of Congress, and be deeded to said railroad company as shall be ordered by the Legislature of the State of Iowa at its next regular session, or at any session thereafter."

It appears from the record before us that the Governor did not certify the land upon which the taxes in controversy were levied until after the year 1875, because he and the register of the State land office were enjoined from so doing in an action instituted by the McGregor & Missouri River Railroad

The S. C. & St. P. R. Co. v. The County of Osceola.

Company, claiming title to said lands. In the case above cited, involving the validity of the taxes for 1873, we held that the plaintiff acquired no property in the lands which was subject to taxation prior to the act of March 13, 1874. It is there said that "whether after such action [of the Legislature] a patent was necessary to pass the title, or whether such legislation would have that effect without a patent, we need not inquire."

II. The single question, then, for our decision in this case is, was it necessary, in order that these lands should become the taxable lands of the railroad company, that the Governor should "certify" them to the company.

It will be observed that by the act of March 13, 1874, no title was conveyed. It provided that the lands held in trust by the State should be conveyed by the Governor certifying them to the railroad company. Until this was done the title remained in the State the same as it did before the passage of the act. The plaintiff was not invested with such an ownership as that it might with propriety proceed to sell and dispose of the lands as its own. Taxes for all purposes are imposed by authority of the State. It surely would be grossly unjust for the State, while holding these trust lands and preventing the company from using them and disposing of them as its own, to subject them to taxation. The State appointed the Governor its attorney in fact, so to speak, to make the conveyance, and until the power was exercised the plaintiff had no taxable interest in the land.

III. It is urged that the acts of the railroad company show that it did not desire the land to be certified, and that all its efforts in that direction were but a mere pretense to avoid taxation. We cannot so regard the evidence. The officers of the plaintiff repeatedly urged that the lands should be certified, notwithstanding the injunction, and we see nothing in the record indicating that they did not desire what they asked, nor that they were not acting in entire good faith.

AFFIRMED.